WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher T. Rita,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-16-2139-PHX-DKD<br><br>**ORDER** |

Christopher T. Rita appeals from the denial of his application for benefits by the Social Security Administration. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c).

Rita argues that he is entitled to benefits because the ALJ found he had a severe condition but never ascribed any related limitations, should have weighed the medical evidence differently, should have given more weight to the opinion of his treating physician, and should have granted his request to issue subpoenas. (Docs. 19, 29) As described below, the Court concludes this matter must be remanded for further proceedings.

**Background**

Rita was 43 years old in November 2011, the alleged onset date of his disability from vestibular migraines, myalgia myostitis, Klinefelter syndrome, learning disability,

and fibromyalgia. He completed the 11th grade and his past relevant work was as a traffic control specialist, utility worker, service person, and stock person. (Tr. 37, 46, 164, 190, 191)

Administrative Hearing. On March 28, 2013, Rita objected to the entry of the opinions rendered by the non-examining and examining consulting physicians and asked for subpoenas to compel the physician's attendance at his hearing. (Tr. 287-92)

On April 23, 2014, ALJ Paula Fow conducted a hearing where Rita and vocational expert George Bluth testified. (Tr. 55-82) Rita testified that he stopped working because he had frequent nosebleeds, dizziness, blurred vision, body pain, and difficulty walking. (Tr. 59) He can drive and read and he received financial support from family members. (Tr. 62) He spends a typical day resting, watching television, or talking to his father. (Tr. 64)

He testified that his migraines cause dizziness, blurred vision, and such sensitivity to light and sound that he keeps his house "really dark." (Tr. 72, 73) He also testified that he has daily nosebleeds that are related to his migraines. (Tr. 72) He testified that, since their onset, he has migraines three or four times a week and that medication either makes him sick or does not help. (Tr. 65, 72, 73-74)

He stated that fibromyalgia feels like a dull ache all over his body and the prescribed medications either did not work or caused side-effects like feeling sick or getting hives. (Tr. 66, 74) He testified that his feet swell every night for unknown reasons and his legs hurt from plaque psoriasis. (Tr. 74, 75) He asserted that his pain and lack of energy cause him to need help from a neighbor to complete household chores. (Tr. 61, 76) He did not remember any testing for his dizziness. (Tr. 66)

He testified that he thought he could lift 10 to 15 pounds, sit for 15 to 20 minutes before needing to stand, stand for 20 to 30 minutes before needing to sit, and walk 200 feet. (Tr. 74-75) He testified that his pain makes it difficult to concentrate and makes him frustrated, anxious, and depressed. (Tr. 76)

Vocation expert George Bluth testified that a hypothetical person with Rita's background and past relevant work would be limited to light work which meant that he could still perform his duties as a traffic control specialists and could also work as an office helper, assembly worker, or cashier. (Tr. 78-79) VE Bluth further testified that no hypothetical worker could maintain employment if he was absent from work three or four days per month. (Tr. 79)

In response to questions from Rita's counsel, VE Bluth testified that no hypothetical worker could maintain work if he suffered from headaches four times a week where each headache lasted three or more hours and required lying down; if he could sit or stand less than two hours in an eight hour work day, and carry or lift less than 15 pounds; if he was off task 16-20% of the time from pain; or if he needed to leave his work station on an unscheduled basis outside of normal break periods from pain or fatigue. (Tr. 79-80)

ALJ Decision. The ALJ's decision started by explaining the denial of Rita's request for subpoenas. (Tr. 37) The decision then tracked the requisite five step process. (Tr. 37-48) The ALJ found that Rita had not engaged in any substantial gainful activity since his alleged onset date. (Tr. 39) Next, the ALJ found that Rita had the following severe impairments: vestibular migraines, degenerative disc disease of the cervical and lumbar spine, fibromyalgia, Klinefelter with hypogonadism, and obesity . (Tr. 40-41) However, these impairments did not meet or medically equal the severity of any listed impairments. (Tr. 41-42)

The ALJ found that Rita was not credible and afforded little weight to reports from Rita's friend and niece. (Tr. 43-44) The ALJ gave little weight to the opinion forms completed by Rita's treating physician. (Tr. 45) Instead, the ALJ gave great weight to the non-examining consulting physicians who, in August 2012 and again in February 2013, opined that Rita could handle light work. (Tr. 46)

The ALJ concluded that Rita could perform the full range of light work including his past relevant work as a traffic control signaler. (Tr. 42-47) Alternatively, the ALJ

found that Rita can perform jobs that exist in significant numbers in the national economy. (Tr. 47-48) Accordingly, the ALJ found that Rita did not meet the Social Security Act's definition of disability. (Tr. 48)

**Analysis**

On appeal, Rita first argues that the ALJ's decision is irreconcilably conflicted. The ALJ found that Rita's migraines constituted a severe condition. (Tr. 40) However, Rita argues that the ALJ should have included limitations related to this severe condition in his residual functional capacity. (Doc. 19 at 2, 8; Doc. 29 at 3-4) The Court agrees that the ALJ should have addressed the implications from this severe condition when discussing Rita's RFC. *Vasquez v. Astrue*, 572 F.3d 586, 596 (9th Cir. 2009) (remanding where evidence suggested applicant had severe impairment that was not included in ALJ's RFC). The Court also concludes that was not harmless error. *Estrada v. Astrue*, 2012 WL 6553768, *2 (C.D. Cal. 2012) (Court cannot find harmless error when ALJ did not include limitations in RFC). Because the ALJ did not address Rita's severe condition in the opinion, the Court cannot conclude that the ALJ's RFC finding is supported by substantial evidence.

Rita also argues that the ALJ should have granted his timely request for subpoenas or, in the alternative, for interrogatories to cross examine the non-examining physicians. (Tr. 287-92; Doc. 19 at 23-24) This request is reviewed for an abuse of discretion. *Solis v. Schweiker*, 719 F.2d 301, 302 (9th Cir. 1983). An ALJ abuses that discretion by denying "a claimant's request to cross-examine a medical source where that source's report is 'crucial' to the ALJ's decision." *Carter v. Barnhart*, 58 Fed.Appx. 304, 305-06 (9th Cir. 2003)

Rita justified his request for subpoenas, in part, because the non-examining physicians had rendered opinions before his complete medical record was available and may not have had experience in a relevant specialization. (Tr. 287) The ALJ denied his request as follows:

> The undersigned Administrative Law Judge found no reason to issue the subpoenas requested by the claimant, as the undersigned gave the claimant several opportunities to respond to the non-examining and examining consulting physicians' opinions at the hearing. Moreover, the undersigned fully considered the claimant's testimony and arguments as the appropriate weight of these same opinions. The undersigned also denies the request for subpoenas and medical interrogatories since the claimant failed to complete the following: (1) explain why the information sought could not be obtained by other means and (2) show that a direct cross-examination of these physicians would be reasonably necessary for the full presentation of their case. *See* 20 CFR 416.1450 (d)(1)(2). Furthermore, the undersigned does not consider these same physicians "crucial witnesses," whose findings substantially contradict the other medical evidence of record. *See Solis v. Schweiker*, 719 F.2d 301, 302 (9th Cir. 1983). Thus, the undersigned denies the aforementioned requests.

(Tr. 37)

The ALJ's arguments are not persuasive. Rita did explain the justification for his requests, albeit not in a particularized fashion. Moreover, the ALJ adopted the non-examining physicians' RFC of light work without modification and so it appears that their report was, in fact, crucial to the ALJ's final decision about whether Rita was disabled. Accordingly, Rita's request should have been granted.

## Conclusion

As described above, the ALJ did not properly account for all of Rita's severe impairments when determining his RFC and Rita was entitled to subpoenas because the ALJ relied so heavily on the non-examining and examining consulting physicians' opinions. Because the Court concludes that the ALJ opinion cannot stand, Rita's other arguments will not be addressed.

Although Rita seeks a remand for benefits, the Court concludes that the best course is to remand for further proceedings. *Vasquez v. Astrue,* 572 F.3d 586, 596 (9th Cir. 2009).

. . .

. . .

. . .

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner is vacated and this matter is remanded to the Commissioner for further proceedings consistent with this Order. The Clerk of the Court shall enter judgment accordingly.

Dated this 23rd day of August, 2017.

_____
David K. Duncan
United States Magistrate Judge